IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

BRYAN KEITH FRAZIER, )
        Plaintiff, )
         )
v. ) CASE NO. _____
         )
THE CITY OF TULSA, )
THE TULSA POLICE DEPARTMENT, ) 03CV 553EA(J)
and, CORRECTIONS CORPORATION )
OF AMERICA, )
         )
        Defendants. )

## COMPLAINT

COMES NOW the Plaintiff, Bryan Keith Frazier, by and through his attorney of record, Robert E. Frazier III, of Frazier Law Center, and for this, his Complaint against the Defendants, The City Of Tulsa, The Tulsa Police Department, and Corrections Corporation Of America, the Plaintiff alleges and states as follows:

I.

This action seeks declaratory, compensatory and punitive damages, and costs and attorney's fees for the acts inflicted upon Plaintiff by said Defendants, as described more fully hereinbelow, all of which occurred in the City of Tulsa, Tulsa County, Oklahoma.

II.

This action arises under the Fifth Amendment to the United States Constitution, more specifically, the substantive due

1

process clause, and the equal protection doctrine of the Fourteenth Amendment to the United States Constitution, as well as the common law of the State of Oklahoma and 42 U.S.C. §§ 1981, 1983 and 1985.

III.

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332, and over the state law claims pursuant to the doctrine of pendent jurisdiction.

IV.

This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 29 U.S.C. § 1391(b)(2), because the claims herein arose in this judicial district.

V.

The Plaintiff was, and at all times hereinafter mentioned has been, domiciled in, and a Citizen of the State of Oklahoma.

VI.

The Defendants, The City Of Tulsa, The Tulsa Police Department, and Corrections Corporation Of America, all conspired to violate, and each did violate the civil rights of Plaintiff, Bryan Keith Frazier, in violation of 42 U.S.C. §§ 1981, 1983 and 1985, as well as subjecting Plaintiff to a period of false imprisonment in Tulsa County, all of which caused Plaintiff to

suffer damages as described more fully hereinbelow.

VII.

The amount in controversy exceeds $150,000.00.

VIII.

All aspects of the Oklahoma Government Tort Claims Act were followed prior to the filing of this complaint.

IX.

On November 12, 2001, Plaintiff, Bryan Keith Frazier, was falsely arrested on a warrant served by the City Of Tulsa, and The Tulsa Police Department, and while said warrant sought the apprehension of Eric Christopher Frazier, the older brother of Plaintiff, the Defendants, The City Of Tulsa, The Tulsa Police Department, and Corrections Corporation Of America, ignored Plaintiff's pleas that he was not Eric Christopher Frazier, and caused Plaintiff to be incarcerated with the Defendant Corrections Corporation Of America, until the error was discovered and Plaintiff was finally released on November 14, 2001, only after Plaintiff's father pleaded with Corrections Corporation Of America and Tulsa Police Department Detectives to compare the photographs and fingerprints of Bryan Keith Frazier with those of his elder son, Eric Christopher Frazier. (See Copy of the Affidavit Of Ellis Frazier, attached hereto as "Plaintiff's Exhibit A"), thereby causing Plaintiff to suffer damages in that he was falsely imprisoned, lost his employment,

suffered mental and emotional damage, as well as humiliation associated with said false arrest.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

X.

For this, Plaintiff's first count of his complaint, the Plaintiff Bryan Keith Frazier contends that the Defendants, The City Of Tulsa, The Tulsa Police Department, and Corrections Corporation Of America, each had a duty to ensure that the proper citizen was being arrested on said warrant, and further, that the Defendants each individually breached their duty and failed to adequately protect the Plaintiff by subjecting him to a period of false incarceration from November 12, 2001 through November 14, 2001, and negligently allowed the Plaintiff, Bryan Keith Frazier, to be subjected to continued incarceration even after numerous pleas by Plaintiff and his father to all Defendants named herein, and further, the Defendants each failed to take reasonable measures to assure that the proper citizen was incarcerated when the means to determine this fact were solely within each of the Defendants possession, and as a result of the Defendants' combined disregard for the Plaintiff's civil rights, Plaintiff, Bryan Keith Frazier, was forced to endure damages in that Plaintiff was falsely imprisoned, lost his employment, suffered mental and emotional damage, as well as humiliation associated

with said false arrest, all of which were a direct result of each of the Defendants' negligence and lack of regard for Plaintiff's civil liberties.

## SECOND CAUSE OF ACTION

### DENIAL OF DUE PROCESS OF LAW

XI.

For this, Plaintiff's second count of his complaint, the Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

XII.

The Plaintiff, Bryan Keith Frazier, whose race and ethnicity is of African-American heritage, has an individual entitlement grounded in both State and Federal Constitutional Law that Plaintiff's liberty interests will be free of interference or violation of his State and Federally Protected Constitutional Rights by said Defendants. Said legitimate entitlement prohibits adverse restraints on Plaintiff's liberty in violation of these protected Constitutional Rights from being taken against this Plaintiff as was done in this case by each and every defendant named herein.

XIII.

Further, the Defendants, The City Of Tulsa, The Tulsa Police Department, and Corrections Corporation Of America, failed and refused to afford Plaintiff, Bryan Keith Frazier, his right to

5

due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, because of Plaintiff's African-American ethnicity, and Plaintiff was denied the full and equal benefit of the laws which are afforded to white citizens, which deprivation of Civil Rights caused the Plaintiff, Bryan Keith Frazier, damages as previously explained within this complaint.

XIV.

The Defendants', each one of them jointly and separately, violated the Plaintiff's Civil Rights, and demonstrated such a reckless and callous indifference to the life and liberty of the Plaintiff, Bryan Keith Frazier, that a finding for punitive damages is warranted.

XV.

Because each of the Defendants, The City Of Tulsa, The Tulsa Police Department, and Corrections Corporation Of America, improperly imprisoned and continued to falsely incarcerate the Plaintiff, without cause, in violation or contravention of the aforesaid, without due process of law, the Defendants have violated the Plaintiff's rights as secured by and guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §§ 1981, 1983 and 1985, to such a degree that these actions taken by each of the Defendants have deprived the Plaintiff of his rights under color of state law to

the extent that the Plaintiff has been forced to suffer damages, including, but not limited to, damages financially, mentally, and emotionally.

### THIRD CAUSE OF ACTION
### DENIAL OF EQUAL PROTECTION OF THE LAWS

XVI.

For this, Plaintiff's third count of his complaint against each of the Defendants, the Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

XVII.

The combined actions of the Defendants, The City Of Tulsa, The Tulsa Police Department, and Corrections Corporation Of America, demonstrates that each Defendant engaged in discriminatory policies and practices, and each Defendant has deprived the Plaintiff of his Constitutional Rights under the Fifth and Fourteenth Amendments of the United States Constitution as the Defendants denied Plaintiff the Equal Protection of the Laws by treating Plaintiff unequal to others who were similarly situated, for which Plaintiff has suffered injury.

### FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

XVIII.

For this, Plaintiff's fourth count of his complaint, the

Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

XIX.

Each of the Defendants conduct, as well as the conduct and retaliatory practices of each of the Defendants, was performed in a manner outrageous in the extreme so that any reasonable person would have known that emotional distress would result. Said Defendants acted in an intentional and reckless manner, and as such, the Defendants are each guilty of inflicting severe emotional distress upon Plaintiff by extreme and outrageous conduct in complete disregard for the rights and feelings of the Plaintiff, which, as a consequence, has caused the Plaintiff severe emotional distress and damages.

## FIFTH CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 1981

XX.

For this, Plaintiff's fifth count of his complaint, the Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

XXI.

Defendants, The City Of Tulsa, The Tulsa Police Department, and Corrections Corporation Of America, each failed and refused to afford Plaintiff, Bryan Keith Frazier, because of Plaintiff's African-American ethnicity, the full and equal benefit of the

8

laws which are afforded to white citizens, which deprivation of Civil Rights caused the Plaintiff, Bryan Keith Frazier, damages as more fully explained herein.

XXII.

Each of the Defendants violation of the Plaintiff's Civil Rights demonstrates such a reckless and callous indifference to the life and liberty of the Plaintiff, Bryan Keith Frazier, that a finding for punitive damages is warranted.

SIXTH CAUSE OF ACTION

VIOLATION OF 42 U.S.C. § 1983

XXIII.

For this, Plaintiff's sixth count of his complaint, the Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

XXIV.

Defendants, The City Of Tulsa, The Tulsa Police Department, and Corrections Corporation Of America, caused the Plaintiff, Bryan Keith Frazier, because of his African-American ethnicity, to be subjected to a deprivation of his civil rights, privileges, and immunities as secured by the Constitution and laws of the United States, as are afforded to white citizens, and such deprivation of the Plaintiff's Civil Rights caused the Plaintiff actual damages as more fully explained herein.

XXV.

9

Each of the Defendants, The City Of Tulsa, The Tulsa Police Department, and Corrections Corporation Of America, engaged in a deprivation and violation of the Plaintiff's Civil Rights to a degree which demonstrates such a reckless and callous indifference to the life and liberty of the Plaintiff that a finding for punitive damages is warranted.

XXVI.

Further, because each of the Defendants violated the liberty interests of the Plaintiff, without cause, in violation or contravention of the aforesaid, without due process of law, and without equal protection of the law, the Defendants, The City Of Tulsa, The Tulsa Police Department, and Corrections Corporation Of America, each have violated Plaintiff's civil rights as secured by and guaranteed under the Fifth and Fourteenth Amendment of the United States Constitution, as well as 42 U.S.C. §§ 1981, 1983 and 1985, and applicable state law.

SEVENTH CAUSE OF ACTION

VIOLATION OF 42 U.S.C. § 1985

XXVII.

For this, Plaintiff's seventh count of his complaint, the Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

XXVIII.

Defendants, The City Of Tulsa, The Tulsa Police Department,

and Corrections Corporation Of America, together, one with the other, conspired to violate the civil rights of the Plaintiff, Bryan Keith Frazier, because of his African-American ethnicity, and such conspiracy subjected Plaintiff to a deprivation of his civil rights, privileges, and immunities as are secured by the Constitution and laws of the United States, and as are afforded to white citizens, and such deprivation of the Plaintiff's Civil Rights caused the Plaintiff actual damages as more fully explained herein.

XXIX.

Each of the Defendants, The City Of Tulsa, The Tulsa Police Department, and Corrections Corporation Of America, conspired to engage in a deprivation and violation of the Plaintiff's Civil Rights to a degree which demonstrates such a reckless and callous indifference to the life and liberty of the Plaintiff that a finding for punitive damages is warranted.

XXX.

Further, because each of the Defendants conspired to violate the liberty interests of the Plaintiff, without cause, in violation or contravention of the aforesaid, without due process of law, and without equal protection of the law, the Defendants, The City Of Tulsa, The Tulsa Police Department, and Corrections Corporation Of America, each have violated Plaintiff's civil rights as secured by and guaranteed under the Fifth and

Fourteenth Amendment of the United States Constitution, as well as 42 U.S.C. §§ 1981, 1983 and 1985, and applicable state law.

WHEREFORE, Plaintiff prays for, and based on the above, is entitled to, a declaration that the conduct engaged in by each of the Defendants is in violation of Plaintiff's civil rights; as well as restoration of the Plaintiff to his rightful place prior to said false incarceration and violation of Plaintiff's civil liberties, and Plaintiff seeks an award of compensatory damages, including emotional distress, mental anguish, and humiliation, which Plaintiff suffered as a direct result of his treatment, in an amount in excess of $150,000.00; costs and expenses, including reasonable attorney's fees, as provided by law; and for punitive damages, as provided by applicable law; and for any such other legal or equitable relief this Honorable Court deems just and proper.

> Respectfully Submitted,
> FRAZIER LAW CENTER
>
> Robert E. Frazier III, OBA #18620
> 4150 South 100th East Avenue, Suite 200-B
> Tulsa, Oklahoma 74146
> Telephone: (918)234-4357
> Facsimile: (918)234-4358

JURY TRIAL DEMANDED BY PLAINTIFF

ATTORNEY'S LIEN CLAIMED

AFFIDAVIT OF ELLIS FRAZIER

STATE OF OKLAHOMA )
) ss.
COUNTY OF TULSA )

I, Ellis Frazier, being first duly sworn, upon my oath, state as follows:

1. That I have personal knowledge of the matters set forth herein;

2. That on November 12, 2001, that I was present at my residence located at 2707 North Yorktown Avenue, when Bryan Frazier was arrested by the Tulsa Police Department pursuant to an arrest warrant for Eric Frazier;

3. That I told the Tulsa Police Officers during the arrest that Bryan Frazier and Eric Frazier were my sons, and that the person they had in custody was not Eric Frazier, but my younger son Bryan Frazier;

4. Also present at the scene of the arrest were my wife, Marviena Frazier, along with my son Bryan Frazier's girlfriend, Kaylene Bradley;

5. Following my son Bryan Frazier's arrest I visited the David L. Moss Correctional Facility on two separate occasions to inform jail personnel that they had the wrong person in custody;

6. That during both of my visits to the David L. Moss Correctional Facility I presented jail personnel with a driver's license identification of Bryan Frazier for comparison with the known mug shot of Eric Frazier;

7. After Bryan Frazier had been incarcerated for two days I spoke with Captain Hunter at the Tulsa Police Department who told me to go to the warrants division;

8. Finally, after Bryan Frazier had been incarcerated for three days I spoke with Sergeant Todd Evans in the internal affairs division of the Tulsa Police Department, who had a fingerprint analyst visit Bryan Frazier at the David L. Moss Correctional Facility for the purpose of taking fingerprints for comparison with the known prints of Eric Frazier;

9. That following the fingerprint analysis my son Bryan Frazier was released from the David L. Moss Correctional Facility;

1



PLAINTIFF'S EXHIBIT A

FRAZIER - PAGE 2
AFFIDAVIT OF ELLIS FRAZIER

10. Further affiant sayeth not.

*Ellis Frazier* (signature)
Ellis Frazier
2707 North Yorktown Avenue
Tulsa, Oklahoma 74110
Telephone: (918)425-9252
Cellular: (918)378-1370

Subscribed and sworn to before me this 11th day of February, 2002.

*June Simmons* (signature)
Notary Public

[Notary Seal: Notary Public Oklahoma, OFFICIAL SEAL, JUNE SIMMONS, Tulsa County, Commission Expires 12.3.2005]

My Commission Expires: